210010

DKM/rl

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SALZGITTER MANNESMANN | § | |
| INTERNATIONAL (USA) INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | Admiralty Rule 9(H) |
| M/V STAR DELTA, <u>in rem,</u> her engines | § | |
| tackle and apparel, et. al | § | |
| | § | |
| v. | § | |
| | § | |
| STAR BULK CARRIERS CORP., | § | |
| D. B.  SHIPPING (USA)., INC., | § | |
| GULF STREAM MARINE, INC., | § | |
| WALLENIUS WILHELMSEN LINES, | § | |
| USA, INC., and STAR DELTA, L.L.C. | § | |
| Defendants | § | |

## <u>COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

The plaintiff herein, by its attorneys, Hill Rivkins LLP, complaining of the above-named vessel and defendants, alleges upon information and belief:

### I.

This is an admiralty or maritime claim within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure.

### II.

Venue applies in Houston, Texas, since the vessel arrived in Houston on the voyage in question, and discharged all of the Plaintiff's cargo in Houston.

**III.**

At and during all the times hereinafter mentioned, plaintiff was the ultimate consignee and/or owner of the cargo in question and brings this action on its own behalf and on behalf of all who may become interested in the cargo. Plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

**IV.**

At and during all the times hereinafter mentioned, defendant Gulf Stream Marine (hereinafter "GSM"), was and is a corporation engaged in business as a public stevedore with offices and places of business stated in Schedule A.

**V.**

At and during all the times hereinafter mentioned, defendants Star Bulk Carriers Corp. (hereinafter "SBC"), D.B. Shipping (USA), Inc., (hereinafter "DBS"), Wallenius Wilhelmsen Lines USA Inc. ("WWL"), and Star Delta, L.L.C. (hereinafter "SDL"), had and now have the legal status and offices and places of business stated in Schedule A. They were, and now are, engaged in business as common carriers of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above-named vessel which now is, or will be, within the jurisdiction of this Court during the pendency of this action.

**VI.**

On or about November 30, 2008, and at the port of Shanghai, China, there was delivered to the M/V Star Delta, and defendants SBC, WWL, DBS and/or SDL, in good order and condition, the shipment described in Schedule A, which the said vessel and defendants SBC, WWL, DBS and/or SDL received, accepted and agreed to transport for certain consideration to the Port of Houston.

## VII.

Thereafter, the said vessel arrived at the Port of Houston, where the cargo was delivered damaged by physical damage incurred during the voyage, and/or it was otherwise damaged.  On information and belief, SBC, WWL, DBS and/or SDL, negligently loaded, handled, stowed, carried, discharged, and/or delivered Plaintiff's cargo causing Plaintiff's cargo to be damaged during the voyage, and contributing to the damages found to have occurred when the cargo arrived in Houston.

## VIII.

By their negligent handling and transportation of the cargo carried from Shanghai to Houston, defendants SBC, WWL, DBS and/or SDL caused and/or contributed to the damage to said shipment.

## IX.

On or about January 30, 2009 to February 6, 2009, at the Port of Houston, there was delivered to defendant,  Gulf Stream Marine, Inc., the shipment described in Schedule A, which the said defendant received and agreed to discharge, handle and transport for certain consideration at the Port of Houston.

Defendant, Gulf Stream Marine, warranted expressly or by implication of law, to plaintiff and/or its benefits, to act carefully, and in a workmanlike manner, in the handling, discharging and transportation of the cargo.

Thereafter, by its negligent handling, discharging in the rain, failure to store in covered storage, negligent discharging and negligent transportation of the cargo at the Port of Houston, said defendant Gulf Stream Marine, caused and/or contributed to the short delivery, and damage to said shipment, which occurred while the cargo was in the possession of GSM.

## X.

By reason of the premises, the above-named vessel and defendants breached, failed and violated their duties and obligations as common carriers, and were otherwise at fault.

## XI.

Plaintiff was the ultimate consignee or owner of the shipment, as described in Schedule A, and, brings this action on its own behalf and, as agent and trustee, on behalf of, and for, the interest of all parties who may be, or become, interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

## XII.

Plaintiff has duly performed all duties and obligations on its part to be performed.

## XIII.

By reason of the above-stated premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $427,191.66.

## XIV.

Plaintiff further alleges, in the alternative and without waiving the above cause of action, that all defendants were bailees to the plaintiff's insured's cargo described in Schedule A at, before, and/or after, the cargo's delivery to the vessel, and/or at the Port of Houston as described in Schedule A. The bailment for mutual benefit between the plaintiff/cargo interests and the defendants was made express by oral contract, written contract, the bills of lading, or alternatively, was an implied contract. The defendants delivered the cargo described in Schedule A in a damaged condition which did not exist at the time of the plaintiff's/bailor's delivery to the bailee as described in Schedule A. The defendants breached their duties and obligations as bailees and were negligent.

**XV.**

As a result of the above breach and negligence, defendants proximately caused plaintiff's property to be damaged, thus causing plaintiff to suffer damages in the amount of $427,191.66, for which plaintiff prays for recovery.

**XVI.**

All and singular the premises are true and within the admiralty, maritime, and pendent jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law may issue against defendants;

2. That a judgment may be entered in favor of plaintiff against defendants, one or more of them, for the amount of plaintiff's damages and attorneys' fees aforesaid, together with interest and costs and the disbursements of this action;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of plaintiff for its said damages and attorneys' fees, together with interest, costs and disbursements, and the said motor vessel may condemned and sold to pay therefor;

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

DANA K. MARTIN
SDTX I.D. No.: 126
Texas Bar No.: 13057830
55 Waugh Dr., Suite 1200

Houston, Texas 77007
Telephone:  (713) 222-1515
Telefax: (713) 222-1359

ATTORNEY IN CHARGE FOR
PLAINTIFF         SALZGITTER
INTERNATIONAL (USA), INC.

OF COUNSEL:

HILL RIVKINS, LLP


THE STATE OF TEXAS        *
                          *
COUNTY OF HARRIS          *

     Dana K. Martin, being duly sworn, deposes and says:

     He is an attorney and member of the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; he has read the foregoing complaint and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, he believes them to be true.

     The sources of deponent's information and the grounds for his belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in his files.

     Subscribed and sworn to before me, the undersigned authority, this 28th day of January, 2010.

Notary Public, State of Texas
My Commission Expires   3-30-3012

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2012

GRACE R. SOLIS
Notary Public, State of Texas
My Commission Expires
March 30, 2012

6

## SCHEDULE A

## LEGAL STATUS AND PLACE OF BUSINESS OF PARTIES

Plaintiff, Salzgitter Mannesmann International (USA) Inc., was and now is a Delaware Corporation or other entity with an office and place of business in Houston, Texas.

M/V Star Delta, was at all material times a general cargo vessel (bulker) sailing under the Marshall Islands flag. Her call sign is V7NZ9. The vessel was built in 2000, and its gross tonnage is 30,303 tons.

Defendant, Star Bulk Carriers Corp. (hereinafter "SBC"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at 2nd Floor, 7 Fragoklisias Street, Maroussi, Athens, Greece 151 25.

Defendant, Star Delta, L.L.C. (hereinafter), was and now is a Marshall Islands corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices: at Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands.

Defendant, D.B. Shipping (USA), Inc., (hereinafter "DBS"), was and now is a California corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices: 2225 W. Commonwealth Ave., Suite 102, Aalhambra, CA 91803.

Defendant, Wallenius Wilhelmsen Lines USA Inc. (hereinafter "WWL"), was and now is a foreign corporation, or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a designated agent on whom service may be made, and thus may be served through F.R.C.P. 4(k)2, or through the Secretary of State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et. seq., in care of its home offices at 7737 Hampton Blvd., Norfolk, VA 23505, or c/o its Galveston, Texas office, Pier 10, 14th Street and Harborside Drive, Galveston, TX 77553.

Defendant, Gulf Stream Marine, Inc., ("GSM"), was and now is a Texas corporation with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does maintain a designated agent on whom service may be made, and thus may be served in care of its Houston office at 10,000 Manchester, Suite C, Houston, Texas 77012-2412, or through its registered agent for the State of Texas, Mr. Kenneth Jack, at 10,000 Manchester, Suite C, Houston, Texas 77012-2412, or c/o their usual Houston attorney, Charles Brackett, Glast, Phillips & Murray, PC., 814 Walker, Suite 1250, Houston, Texas 77002.

## DESCRIPTION OF SHIPMENT

| | |
|---|---|
| Vessel: | M/V STAR DELTA |
| Date of Shipment: | November 30, 2008 |
| Port of Shipment: | Shanghai, China |
| Port of Discharge: | Houston, Texas |
| Shipper: | Anhui Tianda Oil Pipe Co., Ltd. |
| Consignee: | Carbofer U.S.A., P.L.C. |
| Description of Shipment: | 607.74 metric tons of prime seamless steel tubing |
| Nature of Loss or Damage: | physically damaged |
| Amount: | $427,191.66 |